WARREN METLITZKY (CA Bar No. 220758)
MARK R. CONRAD (CA Bar No. 255667)
JOSHUA S. WHITE (CA Bar No. 237223)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:     (415) 343-7100
Fax:    (415) 343-7101
Email: wmetlitzky@conradmetlitzky.com
Email: mconrad@conradmetlitzky.com
Email: jwhite@conradmetlitzky.com

Attorneys for DEFENDANTS
COUNTY OF SAN MATEO; DAVID WEIDNER;
JOHN DEMARTINI; ALYSSA LORENZATTI;
JOSHUA WANG; and BRYAN WATT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAUREEN OKOBI, individually,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN MATEO a municipal corporation; DAVID WEIDNER, individually and in his capacity as a deputy for the San Mateo County Sheriff's Department; JOHN DEMARTINI, individually and in his capacity as a deputy for the San Mateo County Sheriff's Department; ALYSSA LORENZATTI, individually and in her capacity as a deputy for the San Mateo County Sheriff's Department; JOSHUA WANG, individually and in his capacity as a deputy for the San Mateo County Sheriff's Department; BRYAN WATT, individually and in his capacity as a deputy for the San Mateo County Sheriff's Department; AND DOES 1-10 inclusive, individually and in their capacity as a deputies for the San Mateo County Sheriff's Department<br><br>    Defendants. | CASE NO. 3:19-CV-03002-SK<br><br>**ANSWER OF DEFENDANTS COUNTY OF SAN MATEO, DAVID WEIDNER, JOHN DEMARTINI, ALYSSA LORENZATT, JOSHUA WANG, AND BRYAN WATT TO COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Responding to the allegations in the Paragraph 1, Defendants admit that the incident giving rise to this lawsuit ("the incident") occurred on October 3, 2018 in Millbrae, California, and that Chinedu Okobi ("Okobi") was 36 years old at the time of the incident.  Defendants admit that, as depicted in videos of the incident, employees of the San Mateo County Sheriff's Office interacted with Okobi and that a taser was used during that interaction.  Defendants deny all other allegations in this paragraph.

2.      Paragraph 2 contains only legal arguments, to which no response is required.  To the extent that this paragraph contains any factual allegations, Defendants deny them.

**JURISDICTION AND VENUE**

3.      Responding to the allegations in Paragraph 3, Defendants admit that this Court has jurisdiction; that the incident occurred in Millbrae, California in the County of San Mateo; and that the incident occurred within this judicial district.  Defendants deny all other allegations in this paragraph.

4.      Responding to the allegations in Paragraph 4, Defendants admit that venue is proper, and that the incident occurred in this district.  The remainder of Paragraph 4 constitutes legal argument, to which no response is required.

**PARTIES**

5.      Responding to the allegations in Paragraph 5, Defendants admit that Okobi was 36 years old on October 3, 2018.  Defendants lack information sufficient to enable them to form a belief as to the truth of the remaining allegations in this paragraph, and, on that basis, Defendants deny them.

6.      Responding to the allegations in Paragraph 6, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, Defendants deny the allegations.

7.      Responding to the allegations in the first sentence of paragraph 7, Defendants admit that the County of San Mateo is a public entity and that the Sheriff's Office generally has the authority to adopt policies.  The remainder of that sentence is vague and/or constitutes legal argument, and on those

bases, Defendants deny the remainder of that sentence.  Regarding the last sentence of paragraph 7, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in the last sentence, and, on that basis, Defendants deny the allegations.

8.     Defendants admit that David Weidner was a sergeant for the San Mateo County Sheriff's Office at the time of the incident.  The remainder of Paragraph 8 constitutes legal argument to which no response is required.

9.     Defendants admit that John DeMartini was a deputy for the San Mateo County Sheriff's Office at the time of the incident.  The remainder of Paragraph 9 constitutes legal argument to which no response is required.

10.     Defendants admit that Alyssa Lorenzatti was a deputy for the San Mateo County Sheriff's Office at the time of the incident.  The remainder of Paragraph 10 constitutes legal argument to which no response is required.

11.     Defendants admit that Joshua Wang was a deputy for the San Mateo County Sheriff's Office at the time of the incident.  The remainder of Paragraph 11 constitutes legal argument to which no response is required.

12.     Defendants admit that Bryan Watt was a deputy for the San Mateo County Sheriff's Office at the time of the incident.  The remainder of Paragraph 12 constitutes legal argument to which no response is required.

13.     Responding to the allegations in Paragraph 13, as to the first sentence, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations, on that basis, Defendants deny the allegations.  As to the second and third sentences, Defendants deny the allegations. As to the fourth sentence, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations, and, on that basis, Defendants deny the allegations.

14.     Responding to the allegations in Paragraph 14, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, Defendants deny the allegations.

**PRELIMINARY ALLEGATIONS**

15.     Responding to the allegations in Paragraph 15, Defendants admit that the County of San Mateo is a public entity, and that the individual Defendants acted within the course and scope of their authority as peace officers and employees of the San Mateo Sheriff's Office.  Defendants deny all other allegations in this paragraph.

16.     Paragraph 16 contains only legal arguments, to which no response is required.  To the extent that this paragraph contains any factual allegations, Defendants deny them.

17.     Paragraph 17 contains only legal arguments, to which no response is required.  To the extent that this paragraph contains any factual allegations, Defendants deny them.

18.     Paragraph 18 contains only legal arguments, to which no response is required.  To the extent that this paragraph contains any factual allegations, Defendants deny them.

**MONELL ALLEGATIONS**

19.     Defendants deny all allegations in Paragraph 19.

20.     Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in Paragraph 20, and, on that basis, Defendants deny the allegations.

21.     Defendants admit that the quote in Paragraph 22 appeared in an article in the Guardian on October 31, 2018, and that in the article, the quote is attributed to San Mateo District Attorney Steve Wagstaffe.  To the extent this paragraph contains other allegations, Defendants deny them.

22.     Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in Paragraph 22, and, on that basis, Defendants deny the allegations.

23.     Responding to the allegations in Paragraph 23, Defendants admit that the San Mateo County Sheriff's Office received updates from Axon regarding tasers.  Defendants deny all other allegations in this paragraph.

24.     Defendants deny all allegations in Paragraph 24.

25.     Defendants deny all allegations in Paragraph 25.

26.     Defendants deny all allegations in Paragraph 26.

27.     Defendants deny all allegations in Paragraph 27.

28.     Defendants deny all allegations in Paragraph 28.

29.     Defendants deny all allegations in Paragraph 29.

## GENERAL ALLEGATIONS

30.     Responding to the allegations in Paragraph 30, Defendants admit that the incident occurred on the afternoon of October 3, 2018 in Millbrae, California; that Okobi was 36 years old; that Okobi was wearing and/or carrying one or more bags; and that at various points, Okobi was on the sidewalk.  Defendants lack sufficient information to enable them to form a belief as to the truth of whether Okobi was a father or whether he graduated from Morehouse College.  To the extent that this paragraph contains any other allegations or to the extent they are inconsistent with the videos, Defendants deny them.

31.     Responding to the allegations in Paragraph 31, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

32.     Responding to the allegations in Paragraph 32, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

33.     Responding to the allegations in Paragraph 33, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

34.     Responding to the allegations in Paragraph 34, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

35.     Responding to the allegations in Paragraph 35, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

36.     Responding to the allegations in Paragraph 36, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

37.     Responding to the allegations in Paragraph 37, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

1
2
38.      Responding to the allegations in Paragraph 38, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

3
4
39.      Responding to the allegations in Paragraph 39, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

5
6
40.      Responding to the allegations in Paragraph 40, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

7
8
41.      Responding to the allegations in Paragraph 41, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

9
10
42.      Responding to the allegations in Paragraph 42, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

11
12
43.      Responding to the allegations in Paragraph 43, the videos of this incident speak for themselves.  Defendants deny all allegations that are inconsistent with the videos.

13
44.      Defendants deny all allegations in Paragraph 44.

14
45.      Defendants deny all allegations in Paragraph 45.

15
46.      Defendants deny all allegations in Paragraph 46.

16
47.      Defendants deny all allegations in Paragraph 47.

17
48.      Defendants deny all allegations in Paragraph 48.

18
49.      Defendants deny all allegations in Paragraph 49.

19
50.      Defendants deny all allegations in Paragraph 50.

20

21
## DAMAGES

22
23
24
51.      Defendants lack information sufficient to enable them to form a belief as to the truth of the factual allegations regarding whether Plaintiff suffered injuries described in Paragraph 51, and, on that basis, Defendants deny the allegations. Defendants deny the other allegations in Paragraph 51.

25
26
27
52.      Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in the first sentence of Paragraph 52, and, on that basis, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 52.

28

### FIRST CAUSE OF ACTION
**(42 U.S.C. section 1983)**
**(Violation of Plaintiff's Fourteenth Amendment Right to a Familial Relationship)**
**(Against Defendants Weidner, DeMartini, Lorenzatti, Wang, Watt, and DOES 1-25)**

53.     Defendants incorporate by reference their responses to Paragraphs 1 through 52.

54.     Paragraph 54 contains only legal arguments, to which no response is required.  To the extent that this paragraph contains any factual allegations, Defendants deny them.

55.     Paragraph 55 contains only legal arguments, to which no response is required.  To the extent that this paragraph contains any factual allegations, Defendants deny them.

56.     Defendants deny all allegations in Paragraph 56.

57.     Defendants deny all allegations in Paragraph 57.

58.     Defendants deny all allegations in Paragraph 58.

59.     Defendants deny all allegations in Paragraph 59.

60.     Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in Paragraph 60, and, on that basis, Defendants deny the allegations.

61.     Defendants deny all allegations in Paragraph 61.

62.     Defendants deny all allegations in Paragraph 62.

### SECOND CAUSE OF ACTION
**(42 U.S.C. section 1983)**
**(Monell – Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants County and DOES 26-50)**

63.     Defendants incorporate by reference their responses to paragraphs 1 through 62.

64.     Defendants deny the allegations of Paragraph 64.

65.     Responding to the allegations of Paragraph 65 would require Defendants to disclose confidential information from peace officer personnel files.  Defendants neither admit nor deny the allegations in this paragraph.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in Paragraph 70, and, on that basis, Defendants deny the allegations.

71.     Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis, Defendants deny the allegations.

72.     Defendants deny the allegations of Paragraph 72.

### THIRD CAUSE OF ACTION
**(42 U.S.C. section 1983)**
**(Violation of Plaintiff's 4th Amendment Right to be free from Excessive Force)**
**(Against Defendants Weidner, DeMartini, Lorenzatti, Wang, Watt, and DOES 1-25)**

73.     Defendants incorporate by reference their responses to paragraphs 1 through 72.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants lack sufficient information as to the allegations in Paragraph 76, and on the basis, Defendants deny the allegations.

77.     Defendants lack sufficient information as to the allegations in Paragraph 77, and on the basis, Defendants deny the allegations.

78.     Defendants deny the allegations of Paragraph 78.

### JURY DEMAND

79.     Defendants join in Plaintiff's request for a jury trial.

### PRAYER

To the extent that the prayer contains any allegations, Defendants deny those allegations.

### SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Assumption of Risk - Peril)

Defendants allege that decedent realized and appreciated the alleged danger which presented

- 7 -

itself at the time of the happening of the event set forth in the complaint; that decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

### THIRD AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Defendants allege that decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the Plaintiff was caused by said risks that were accepted and voluntarily assumed by decedent.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Defendants allege that the complaint and each and every cause of action therein is barred because Plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from Defendants.

### FIFTH AFFIRMATIVE DEFENSE
(Defendants' Act Not A Proximate Cause)

Defendants allege that any act or omission on the part of Defendants was not the proximate cause of Plaintiff's injury.

### SIXTH AFFIRMATIVE DEFENSE
(Denial of Damages)

Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
(Good Faith)

Defendants allege that the employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

3:19-cv-03002 SK                                                     Defs.' Answer to Complaint

**EIGHTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

The complaint and each cause of action therein are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**
(Proper Conduct)

Defendants allege that at all times and places mentioned in the complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct.

**TENTH AFFIRMATIVE DEFENSE**
(Acting in Good Faith)

Defendants allege that at all times mentioned in the complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Privilege)

Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

**TWELFTH AFFIRMATIVE DEFENSE**
(Decedent's Conduct Reckless and Wanton)

Defendants allege that at all times, decedent acted in a careless, reckless, wanton and negligent manner; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Justified Use of Force)

The complaint is barred because the use of force against the decedent was privileged and justified.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Resisting Arrest)

Defendants allege that decedent was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace

3:19-cv-03002 SK                                    Defs.' Answer to Complaint

officer; that as a direct and proximate result of decedent's breach of this duty Plaintiff is barred from recovery for any loss or damage Plaintiff may have incurred, if any there be.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Plaintiff/Decedent Assaulted Police)

Defendants allege that decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the arresting officers; that it became and was necessary to use force on decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by Plaintiff were proximately caused by the necessary use of said reasonable force on decedent; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, decedent's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, Plaintiff's claim, if any, is barred by law.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Prevent Injury/Escape)

Defendants allege that no more force was used on decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Qualified Immunity)

Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure to State Relief Under 42 U.S.C. 1983)

Defendants allege that Plaintiff has failed to allege facts sufficient to state a claim for relief under 42 U.S.C. 1983 against any Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE
(County of San Mateo Not a Proper Party)

Defendants allege that Plaintiff has failed to allege sufficient, specific facts against Defendant San Mateo, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants allege that this lawsuit is barred, in whole or in part, by the Eleventh Amendment's doctrine of sovereign immunity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
(Mutual Combat)

Defendants allege that decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by Plaintiff were caused by said risks, which were accepted and voluntarily assumed by decedent when he engaged in said activity.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
(Self Defense)

Defendants allege that any use of force was done reasonably and in self-defense.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
(No Breach of Duty)

Defendants allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to Plaintiff.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

/ / / /

/ / /

/ / /

/ / /

/ / /

/ / /

(continued on next page)

Defs.' Answer to Complaint

1 │ WHEREFORE, Defendants pray for judgment as follows:

2 │     1.    That Plaintiff take nothing from Defendants;

3 │     2.    That the Complaint be dismissed with prejudice;

4 │     3.    That Defendants recover their costs of suit herein, including attorneys' fees; and

5 │     4.    For such other relief as is just and proper.

6 │

7 │ DATED: July 24, 2019           Respectfully submitted,

8 │                         CONRAD & METLITZKY LLP

9 │

10 │                         */s/ Warren Metlitzky*

                        WARREN METLITZKY

11 │                         MARK R. CONRAD

                        JOSHUA S. WHITE

12 │

13 │                         Attorneys for DEFENDANTS

                        COUNTY OF SAN MATEO; DAVID WEIDNER;

14 │                         JOHN DEMARTINI; ALYSSA LORENZATTI;

                        JOSHUA WANG; BRYAN WATT

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │